# AMERICAN SAVINGS AND LOAN ASSOCIATION, Appellant, *v.* BURGHARDT et al., Respondents.

[Submitted February 18, 1896.   Decided February 24, 1896.]

Supreme Court—*Rules*—*Short causes.*—Rule VII, 4a, of the supreme court allowing cases to be placed on the short cause docket, when counsel stipulate that in their opinion the cause can be fully presented in an argument of fifteen minutes to the side, is not intended to embrace cases which counsel stipulated may be argued in fifteen minutes, but contemplates cases which may be "fully presented" in that time, and where, upon an inspection of the record it appears that this cannot be done, the cause will be remanded to its regular place on the calendar.

*Appeal from Eighth Judicial District, Cascade County.*

The case was placed on the short cause docket by stipulation.   Remanded to its proper place on the calendar.

*F. C. Park,* for Appellant.

*Stanton & Stanton,* for Respondents.

Per Curiam.—This case was placed upon the short-cause docket under the following stipulation of counsel:

"It is hereby stipulated and agreed by and between F. C. Park, attorney for appellant herein, and Stanton & Stanton, attorneys for respondents herein, that the above-entitled action can be argued before this court in fifteen minutes a side, and the attorneys therefore ask that the same be placed on the short-cause calendar of this court.   It is further stipulated and agreed that, on such day as this court may set this case for argument, the same be, and it is hereby, submitted to the court for determination on the briefs of the respective parties hereto, without oral argument.

"Dated this 24th day of January, 1896.

"F. C. Park, Applnt.'s Atty.   Stanton & Stanton, Respnts'. Attys."

Stipulation does bring this case within the short cause rule.   The rule which counsel seem to have endeavored to invoke is subdivision 4 a of rule VII, which is as follows:

"(4) Short Causes.    There will be placed upon the short-cause docket: (a) Cases in which counsel stipulate that the cause will be argued in fifteen minutes to the side, and that in their opinion the cause can be fully presented in such time."

It is observed that the stipulation states only that the case can be argued in fifteen minutes to the side.    Counsel do not state "that, in their opinion, the cause can be fully presented in such time."    In accordance with the stipulation, the case was set on the short-cause calendar for February 18, 1896.    On the call, the clerk called our attention to the stipulation that the case was to be submitted without argument.

Upon examination of the record and briefs, the court finds that this is not properly a short cause.    Some very important propositions are presented by counsel, and the court has not had the advantage of an oral argument.    The result of taking this case under consideration and determining it at this time would be to advance it at the expense of other appeals, which precede it in time of filing.   It is not the intention of the short-cause rule that difficult cases should be placed upon the short-cause docket by stipulation, without the professional statement by counsel that they are in fact short causes, and then submitted without argument.    The object of the rule is to summarily dispose of cases involving only a short consideration, and also frivolous appeals, apparently taken for delay.    If we were to allow the practice adopted by counsel in this case, it would result in many important and difficult cases gaining an advancement by the indirect method of stipulating that they were "short causes," and then submitting them without argument.

Under rule VII, subd. 4c, it is directed that the cause be *remanded* to its regular place on the calendar.